UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY CHAMBLIN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:22-cv-01092-SGC |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**[1]

Anthony Chamblin initiated this matter by filing a *pro se* complaint in the Circuit Court of Jefferson County. (Doc. 1-1 at 20-24).[2] The complaint alleges the Social Security Administration ("SSA") wrongfully terminated the plaintiff's disability income payments. (*Id.*). On August 29, 2022, the United States[3] removed to this court. (Doc. 1). Accompanying the notice of removal was the defendant's motion to dismiss, which is fully briefed and ripe for adjudication. (Docs. 4, 7, 8). As explained below, the motion is due to be granted, and the claims in this matter are due to be dismissed for lack of federal jurisdiction.

---

[1] The parties have consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c). (Doc. 6).

[2] Citations to the record in this case refer to the document and page numbers assigned by the court's CM/ECF electronic document system, and appear in the following format: Doc. __ at __.

[3] While the plaintiff's complaint identified the SSA as the defendant, the court has since substituted the United States as the proper party.

**I.      LEGAL STANDARD**

The United States contends this court lacks federal subject matter jurisdiction over Mr. Chamblin's claims; its motion invokes Rule 12(b)(1) of the *Federal Rules of Civil Procedure* or, alternatively, Rule 56.  There are two types of challenges to a district court's subject matter jurisdiction under Rule 12(b)(1): facial attacks and factual attacks.  A facial attack challenges the sufficiency of the allegations regarding subject matter jurisdiction; the allegations in his complaint are taken as true for the purposes of a facial attack.  *Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir. 1990).  Meanwhile, a factual attack challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered."  *Id.* (internal quotation marks and citation omitted).

Here, the motion to dismiss makes a factual attack, contending Mr. Chamblin's claims are due to be dismissed for failure to exhaust administrative remedies prior to filing suit.  (Doc. 4).  "On a factual attack of subject matter jurisdiction, a court's power to make findings of facts and to weigh the evidence depends on whether the factual attack on jurisdiction also implicates the merits of plaintiff's cause of action."  *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.,* 104 F.3d 1256, 1261 (11th Cir. 1997).  When the facts related to jurisdiction do not implicate the merits of the plaintiff's legal claim, "the trial court is free to weigh

the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (quoting *Lawrence*, 919 F.2d at 1529). But when the facts related to jurisdiction do implicate the merits, the district court should "find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." *Id.*

Here, the inquiry regarding whether Mr. Chamblin properly exhausted his administrative remedies does not implicate the merits of his claims, and the court is free to consider and weigh the evidence, including extrinsic evidence. *Lawrence*, 919 F.2d at 1529; *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003). Accordingly, the court will decide the motion to dismiss under Rule 12(b)(1), and consideration of the evidence attached to the motion does not necessitate its conversion to a motion under Rule 56. Mr. Chamblin bears the burden of establishing the existence of federal subject matter jurisdiction in the face of the United States' factual challenge. *OSI, Inc. v. United States,* 285 F.3d 947, 951 (11th Cir. 2002).

## II. DISCUSSION

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, creates a limited waiver of the United States' sovereign immunity to tort claims. *Dalrymple v. United States,* 460 F.3d 1318, 1324 (11th Cir.2006). The FTCA creates liability for a "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances

3

where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

However, before asserting a claim under the FTCA, a plaintiff must first exhaust administrative remedies; this allows the agency involved to investigate and, perhaps, settle the dispute before a lawsuit is filed. *See* 28 U.S.C. § 2675(a) ("[a]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency"). Filing an administrative claim is a jurisdictional prerequisite to initiating a lawsuit under the FTCA. *Bush v. U.S.,* 703 F.2d 491, 494 (11th Cir. 1983); *Abrams v. United States*, No. 19-108-JHE, 2019 WL 2514933, *1 (N.D. Ala. June 18, 2019). Moreover, a plaintiff cannot cure an otherwise unexhausted claim by filing an administrative claim after initiating a lawsuit. *McNeil v. United States*, 508 U.S. 106, 111 (1993).

Here, the FTCA is Mr. Chamblin's exclusive remedy for his claim that the SSA wrongfully withheld disability benefits. The motion to dismiss contends Mr. Chamblin did not file—much less exhaust—an administrative claim with the SSA prior to initiating the instant lawsuit. (Doc. 4 at 4). The motion relies on the declaration of an attorney in the office of SSA's general counsel; the attorney avers a search revealed Mr. Chamblin had not filed an administrative claim as of August

25, 2022. (*Id.* at 7-8). In response, Mr. Chamblin attached an administrative claim he filed; that claim is dated September 8, 2022. (Doc. 7 at 7). This operates as Mr. Chamblin's tacit admission that he did not file an administrative claim before initiating this lawsuit. Mr. Chamblin's post-lawsuit administrative claim does not cure his failure to exhaust his claims administratively. *McNeil*, 508 U.S. at 111.

## III. CONCLUSION

The record shows Mr. Chamblin failed to administratively exhaust his claims prior to initiating this lawsuit. Because administrative exhaustion is a jurisdictional prerequisite to suit, this court lacks federal subject matter jurisdiction over Mr. Chamblin's claims. Accordingly, the pending motion to dismiss (Doc.4) is due to be granted, and Mr. Chamblin's claims are due to be dismissed without prejudice. A separate order will be entered.

**DONE** this 15th day of December, 2022.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE